# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COBB COUNTY-MARIETTA WATER AUTHORITY,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-cv-00400-RWS |

## FEDERAL DEFENDANTS' MOTION FOR SIXTY DAY STAY, OR, IN THE ALTERNATIVE, FOR A SCHEDULING ORDER

In response to the Court's Order dated December 8, 2017 (ECF No. 19), Federal Defendants respectfully move the Court for a sixty (60) day stay of proceedings and to order the parties to submit a Joint Status Report in 60 days, as provided below. In the alternative, Federal Defendants move the Court to set a schedule, as provided below.

Federal Defendants report that the parties have conferred regarding the possibility of a joint proposed schedule, but were unable to reach agreement. However, the parties remain in contact regarding the possibility of an ultimate

settlement of the case, and Federal Defendants intend to pursue those discussions during the period of the proposed stay.

## MEMORANDUM IN SUPPORT

The grounds for this Motion are as follows:

1. In its December 8, 2017 Order (ECF No. 19), the Court directed the parties by December 20, 2017 to "submit a joint proposed schedule or, if they are unable to agree on a proposed schedule, separate proposed schedules for consideration by the Court."

2. As explained in the parties' last Joint Status Report (ECF No. 18), the dispute in this case is related to proceedings following this Court's Order in *State of Georgia v. U.S. Army Corps of Engineers*, Civil Action No. 1:14-cv-3593 (N.D. Ga.), which held that the Corps unreasonably delayed responding to Plaintiffs' water supply request(s) at Allatoona Lake. *See id.*, Order of Sept. 29, 2017 (ECF No. 61 in Civil Action No. 1:14-cv-3593). The parties to the *Georgia* case—including Federal Defendants and the Plaintiff here, Cobb County-Marietta Water Authority ("Cobb-Marietta")—have been working to reach agreement, if possible, regarding the schedule for the Corps' response to the *Georgia* Plaintiffs' water supply request.

3. The issues presented in this case are also implicated in the Corps' response to the Court's decision in the *Georgia* case. For instance, *Georgia* Plaintiffs' January 2013 Allatoona Lake water supply storage request[1] sought Corps action on elements of storage accounting which are challenged in this litigation—e.g., with respect to granting Cobb-Marietta credit, beyond its storage allotment or share of inflows, for return flows of treated wastewater and for flows released upstream from Hickory Log Creek Reservoir—and expressly sought for the Corps to take a different approach than the Corps' approach being challenged here. *Compare* State of Georgia's January 2013 Request (Att. A) to Complaint (ECF No. 1).

4. Thus, if the Corps undertakes a re-evaluation of its approach to storage accounting as part of its response to the January 2013 Request, it could render many or all of the claims in this suit moot or unripe, or, potentially narrow the issues in this case. In that instance, the interests of judicial economy (and the parties' resources) would not be served if this case proceeds at this juncture.

5. Additionally, the parties to this case have been engaged in settlement discussions. Federal Defendants submit that it would serve the interests of all

---

[1] The request letter is included here as Attachment A, but omits the voluminous attachments to that letter.

parties to first proceed with settlement talks before engaging in resource consuming litigation.

6. Federal Defendants have conferred with counsel for Plaintiff and, while they understand that Plaintiff prefers entry of an immediate scheduling order, Federal Defendants also understand Plaintiff is receptive to continuing to engage in settlement discussions. Federal Defendants submit that pursuing settlement discussions would be most efficiently and productively undertaken if the parties are not also compelled to undertake additional proceedings in this litigation while the settlement discussions are ongoing.

7. Accordingly, Federal Defendants respectfully propose that the Court enter a sixty (60) day stay and order the parties to prepare a Joint Status Report in 60 days updating the Court on the progress of any settlement discussions and on whether the schedule and the Corps' plans in *Georgia* affect the instant case.

8. In the event the motion for a stay is denied, Federal Defendants propose that the Court enter the following schedule:

    a) 60 days after the entry of this proposed scheduling order, the Federal Defendants shall either file a motion under Federal Rule of Civil Procedure 12(c) or lodge the administrative record.

b) In the event Federal Defendants file a Rule 12(c) motion, Plaintiff's response in opposition shall be filed 45 days thereafter, and Federal Defendants' reply, if any, shall be filed 20 days thereafter.

c) In the event Federal Defendants lodge an administrative record, Plaintiff shall file within 60 days thereafter any motion relating to the administrative record (including any motion challenging the completeness of the administrative record, or for judicial review of extra-record materials).  Federal Defendants shall file their response within 45 days thereafter, and Plaintiff's reply, if any, shall be filed within 20 days thereafter.  If record motion briefing proceeds as described above, within fourteen (14) days of the Court's decision resolving the record motion, the parties will file joint or separate scheduling proposals for briefing cross-motions for summary judgment.

d)  In the event that no motion relating to the administrative record is filed, within 70 days of the record being lodged, the parties will file joint or separate scheduling proposals for briefing cross-motions for summary judgment.

Respectfully submitted this 20th day of December 2017.

                        JEAN E. WILLIAMS
                        Deputy Assistant Attorney General

                        /s/ William E. Gerard
                        WILLIAM E. GERARD
                        REUBEN S. SCHIFMAN
                        United States Department of Justice
                        Environment & Natural Resources Division
                        Natural Resources Section
                        P.O. Box 7611
                        Washington, D.C. 20044
                        Tel. (202) 305-0475
                              (202) 305-4224
                        Fax (202) 305-0506
                        william.gerard@usdoj.gov
                        reuben.schifman@usdoj.gov

                        *Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December 2017, I electronically filed a true and exact copy of the above Motion with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ William E. Gerard
*Attorney for Defendants*